# UNITED STATES DISTRICT COURT
## Western District of Texas
### Midland/Odessa Division

| | | |
|---|---|---|
| Joseph Hobbs and Drake Feeney, individually and on behalf of all others similarly situated, § § § | | |
| § | § | CA No.: 17-CV-00030-DC |
| Plaintiffs, | § | |
| v. | § | |
| | § | Collective Action |
| Petroplex Pipe and Construction, Inc. | § | Jury Demanded |
| | § | |
| Defendant. | § | |

**Plaintiffs' Motion to Compel Discovery Responses**

Plaintiffs Joseph Hobbs and Drake Feeney, individually and on behalf of other similarly-situated past and/or present employees of Petroplex Pipe and Construction, Inc. ("**Defendant**" or "**Petroplex**"), who have joined this lawsuit ("**Plaintiffs**"), move the Court to compel Defendant to comply with its discovery obligations and produce information concerning the method in which Defendant charges its clients for the welding services it provides to them. The information is relevant to show the continuous nature of the job the Plaintiffs perform for Defendant's clients; it is relevant to show that the Plaintiffs do not perform such welding services on a project by project basis, as Defendant has claimed. The relevant portions of the Request for Production at issue and the response the Defendant has given is attached as Exhibit A and is as follows:

**REQUEST NO. 32:** Produce all invoices and/or other documents evidencing, relating to or regarding Defendant's charges to its customers for work done by each Plaintiff during the Relevant Time Period.

**INITIAL RESPONSE: Defendant objects to this Request on the grounds it is not reasonably calculated to lead to the discovery of admissible evidence.**

**AMENDED RESPONSE: Defendant objects to this Request on the grounds the documents sought are not relevant to Plaintiffs' claims. Whether or not Plaintiffs were employees or independent contractors is determined by various factors. The documents sought in this Request are not related or relevant to the factors, nor would the documents sought in this Request lead to the discovery of information related or relevant to the factors.**

## I.
## BACKGROUND

In this action, Plaintiffs have asserted a Fair Labor Standards Act ("**FLSA**") claim against Defendant for unpaid overtime. *See* Plaintiffs' Original Collective Action Complaint (Doc. 1)("**Complaint**"). Plaintiffs are a certified class of welders and welder helpers (*see* Doc. 20) that performed welding services for Defendant's clients and who were misclassified as independent contractors by Defendant. *See* Compl. ¶¶ 2.4-2.5, 6.1-6.8, 6.14, 7.2-7.4. This case arose initially because the lead plaintiff, Joseph Hobbs, was hired and treated as Defendant's employee and then, without any change to his job duties, job responsibilities or employment settings, he was reclassified as an independent contractor. *See* Declaration of Joseph Hobbs in Support of Proceeding as a Collective Action (Doc. 12.-2), ¶¶2, 6; Compl. ¶ 7.9. In defense of this action for unpaid overtime

Defendant asserts that Plaintiffs were not employees of Defendant but were properly classified as independent contractors (and thus exempt from the FLSA overtime rules). *See* Defendant's Original Answer (Doc. 9)("**Answer**") Affirmative Defenses ¶¶ 3, 4.

## II.
## ARGUMENTS AND AUTHORITIES

### A. Legal Standard

Pursuant to Fed. R. Civ. P. 26(b)(1) (as amended effective December 1, 2015), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Rule 26, as amended, now emphasizes that a party may only obtain discovery as to any "nonprivileged matter that is relevant to any party's claim or defense," and has specifically removed the language regarding discovery "reasonably calculated to lead to the discovery of admissible evidence." Importantly, a party resisting discovery has the burden of making a **specific**

**objection *and* showing that the discovery fails the proportionality calculation** mandated by Rule 26(b) by coming forward with information to address the factors enumerated in Rule 26(b)(1). *Coleman v. United States*, No. SA-16-CA-00817-DAE, 2017 WL 1294555, at *1 (W.D. Tex. Mar. 28, 2017)(citing *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 435 (N.D.Tex. 2016)(citation omitted))(emphasis added); *Carr v. State Farm Mutual Auto.Ins., Co.,* 312 F.R.D. 459, 468 (N.D. Tex. 2015).

The Carr court emphasized the importance of the proportionality analysis in the amended Rule 26(b) by citing to the comments to the amended rule as follows:

> The present amendment restores the proportionality factors to their original place in defining the scope of discovery. This change reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections.
>
> Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality, and **the change does not place on the party seeking discovery the burden of addressing all proportionality considerations.**
>
> **Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional.** The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.

*Carr*, 312 F.R.D. at 467 (quoting Fed. R. Civ. P. 26, 2015 comm. note (emphasis added)).

A party seeking discovery may move for an order compelling production against a party that has failed to answer an interrogatory or to produce documents requested pursuant to Federal Rules of Civil Procedure 33 and 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

### B. Defendant's initial objection to Plaintiffs' Request No. 32 is insufficient under Rule 26(b).

Defendant's initial objection to Plaintiffs' Request No. 32 (relevant portions attached as Exhibit B) on the "grounds it is not reasonably calculated to lead to the discovery of admissible evidence" is not an acceptable objection under the amended Rule 26(b) and, therefore, fails on its face. Further, Defendant failed to adhere to the mandates of amended Rule 26(b) as set forth in federal case law, *i.e.* Defendant did not make a specific objection that the request is irrelevant to "any party's claim or defense," nor has it made a specific objection that the request is disproportional "to the needs of the case," considering the factors enumerated in the Rule. *See* Fed. R. Civ. P. 26(b)(1); *see also Coleman,* 2017 WL 1294555, at *1; *Carr,* 312 F.R.D. at 468.

Even if the amended response and objection is considered by the Court, the objections should still be overruled.[1]

### C. Request No. 32 is, indeed, relevant to Defendant's asserted defense and proportional to the needs of the case.

1. Relevance

As stated previously, Defendant has argued that the Plaintiffs are exempt from the overtime rules of the FLSA because they are (or were) independent contractors of Defendant. The test regarding whether a plaintiff is an employee or an independent contractor, for the purposes of the FLSA, is set forth in *Trahan v. Honghua Am., LLC,* No. CIV.A. H-11-2271, 2013 WL 2617894 (S.D. Tex. June 10, 2013) as follows:

> To determine if an individual is an employee [or an independent contractor] under the FLSA, the Fifth Circuit considers whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself. . . . As part of this inquiry, courts look to five non-exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. . . . No single factor is determinative.

---

[1] Defendant continues to object based on its assertion that the requested documents will fail to "lead to the discovery of [relevant] information" and, importantly, continues to fail to address the Request's proportionality to the needs of the case.

2013 WL 2617894, at *4 (internal quotations and citations omitted). In analyzing FLSA welder cases where independent contractor status has been raised as a defense, courts analyze several details with regard to the fifth factor, *i.e.,* the permanency of the relationship. One of the details the courts analyze is whether the welder worked for the defendant on a project by project basis. *See Trahan*, 2013 WL 2617894, at *10 ("The Fifth Circuit has recognized that, when a plaintiff's relationship with a defendant is on a project-by-project basis, it is indicative of independent contractor status.") *See also Carrell v. Sunland Const., Inc.,* 998 F.2d 330, 334 (5th Cir.1993).

In the case at hand, Plaintiffs contend that they were not hired on a project-by-project basis by Defendant and, therefore, were more like employees of Defendant. Thus, Plaintiffs' request that Defendant "[p]roduce all invoices and/or other documents evidencing, relating to or regarding Defendant's charges to its customers for work done by each Plaintiff" is relevant regarding whether or not Defendant hired Plaintiffs on a project-by-project basis. If the records show that Defendants charged their clients for Plaintiffs' welding services on a weekly or monthly basis as opposed to on a project-by-project basis, Plaintiffs will have some evidence that Defendant did not hire them on a project-by-project basis. Thus, this evidence helps in the analysis of one of the factors regarding independent contractor status, and therefore, is relevant to Defendant's defense and Plaintiffs' potential

defeat of such defense. Therefore, this information is discoverable under Rule 26(b).

    2. <u>Proportional to the Needs of the Case</u>

As stated previously, under Rule 26(b), a request must not only be relevant to a party's claim or defense in a case, but it must be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

    *a. Importance of the issues at stake in the action, importance of the discovery in resolving such issues, and amount in controversy*

Plaintiffs' claim that they are employees of Defendant and Defendant's claim that they are independent contractors of Defendant is a focal issue in this case. If Plaintiffs were, indeed, independent contractors under the FLSA, Plaintiffs have no case and are owed no overtime. If Plaintiffs were employees under the FLSA, Plaintiffs are entitled to overtime totaling $178,422.96 (and possibly another award of $178,422.96 in liquidated damages). The information sought in Request No. 32 helps in the analysis of one of the factors regarding independent contractor status, and therefore, relates directly to the significant amount in controversy. Because, as shown in Section II.C.1 above, the information requested is relevant to a focal issue

in this case, these proportionality factors show that Request No. 32 is proportional to the needs of this case.

     b.     *The parties' relative access to this information and whether the burden or expense of the request outweighs its likely benefit*

The information requested in No. 32 is entirely in the hands of the Defendant. It is contained in Defendant's corporate records. The Plaintiffs have absolutely no access to such information. Further, because this information is directly relevant to a focal issue in this case, the benefits of its production far exceed any perceived burden or expense.

The information requested is related to work done by only eight plaintiffs and for only a period from February 13, 2014 (three years before this lawsuit was filed) to the present (defined as the Relevant Time Period). Indeed, the Plaintiffs are willing to shorten the period for Request No. 32 to beginning February 13, 2014 and ending the last month the last of the Plaintiffs worked for Defendant (January 2017), if the Court sees fit to shorten such period. Thus, considering the small number of Plaintiffs, and the short period of time for which the request is made, and considering the relevance to a focal issue of this case and the Defendant's ease and exclusivity of access to this information, these proportionality factors show that Request No. 32 is proportional to the needs of this case.

### III.
### CONCLUSION

For the foregoing reasons, Plaintiff's respectfully requests the Court grant its Motion to Compel and require Defendant to produce, by a date certain, the documents requested by Request for Production No. 32.

Respectfully submitted:

The Law Office of Chris R. Miltenberger, PLLC

By:    */s/ Chris R. Miltenberger*
       Chris R. Miltenberger
       Texas State Bar Number 14171200

1340 N. White Chapel, Suite 100
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiffs

### CERTIFICATE OF CONFERENCE

I certify that on September 1, 2017, I conferred with Paul W. Simon, counsel for Defendant, regarding the issue raised in this Motion to Compel. Mr. Simon and I discussed the issues raised by this motion but could not agree. Thus, the Court's guidance is requested and necessary to resolve the dispute.

By    */s/ Chris R. Miltenberger*
       Chris R. Miltenberger

## CERTIFICATE OF SERVICE

I certify that November 6, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.

By:    /s/ Chris R. Miltenberger
       Chris R. Miltenberger