UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JOSEPH HOBBS and DRAKE FEENEY, individually and on behalf of all others similarly situated, *Plaintiffs*, | § § § § § | |
| v. | § § | Case No. MO:17-CV-00030-DC |
| PETROPLEX PIPE AND CONSTRUCTION, INC., *Defendant*. | § § § § | |

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES

BEFORE THE COURT is Plaintiffs Joseph Hobbs and Drake Feeney's Motion to Compel Discovery Responses. (Doc. 29). After due consideration of the Motion, Response, and Reply, the Court **GRANTS** Plaintiffs' Motion. (Doc. 29).

### I. FACTUAL BACKGROUND

Plaintiffs' are a certified class of welders and welder helpers who assert claims under the Fair Labor Standards Act (FLSA). (Docs. 1 at 1; 20 at 8). Plaintiffs claim Defendant misclassified them as independent contractors instead of employees. (Doc. 29 at 2). Plaintiffs seek to compel Defendant to produce information concerning the method in which Defendant charges clients for welding services. (*Id.* at 1). Plaintiffs allege the information is required "to show the continuous nature of the job the Plaintiffs perform for Defendant's clients; it is relevant to show that the Plaintiffs do not perform such welding services on a project-by-project basis, as Defendant has claimed." (*Id.*).

Plaintiffs initially requested this information in their First Request for Production:

> **REQUEST NO. 32:** Produce all invoices and/or other documents evidencing, relating to or regarding Defendant's charges to its

customers for work done by each Plaintiff during the Relevant Time Period.

**RESPONSE:** Defendant objects to this Request on the grounds it is not reasonably calculated to lead to the discovery of admissible evidence.

**AMENDED RESPONSE:** Defendant objects to this Request on the grounds the documents sought are not relevant to Plaintiffs' claims. Whether or not Plaintiffs were employees or independent contractors is determined by various factors. The documents sought in this Request are not related or relevant to the factors, nor would the documents sought in this Request lead to the discovery of information related or relevant to the factors.

(Docs. 29-1 at 6; 29-2 at 3). Plaintiffs now request the Court compel Defendant to produce the discovery sought under Request for Production Number 32. (Doc. 29 at 10).

In response, Defendant acknowledges:

(a) Plaintiffs as a whole seek damages in excess of $175,000 and, thus, the amount in controversy is somewhat significant, (b) Defendant has access to the information sought and Plaintiffs do not, (c) Defendant has greater resources than Plaintiffs, and (d) the burden or expense to Defendant in producing the sought-after [discovery] is not high.

(Doc. 32 at 3). Defendant only disputes that the discovery Plaintiffs seek is not important in resolving this litigation. (*Id.*).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b),

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"Although the scope of discovery is broad, 'its processes must be kept within workable bounds on a proper and logical basis for the determination of the relevancy of that which is sought to be discovered.'" *Zamora v. GC Servs., LP*, EP-15-CV-00048-DCG, 2017 WL 1861843, at *2 (W.D. Tex. Feb. 17, 2017) (quoting *Jones v. Metzger Dairies, Inc.*, 334 F.2d 919, 925 (5th Cir. 1964)). The scope of discovery is within the sound discretion of the trial judge. *Id.* (citing *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)).

"The federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible, making a trial 'less a game of blind man's bluff and more a fair contest,' where each party can knowledgeably evaluate the strength of its evidence and chances of ultimate success." *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993) (internal citations omitted). "Relevant information encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "'Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.* (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)). "Unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed." *Id.* (citing *Sheldon*, 204 F.R.D. at 689).

Federal Rule of Civil Procedure 34(a) enables a party to request another party produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . ." Federal Rule of Civil Procedure 37(b)

3

allows a party to move the court to compel production of documents when "a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34." Rule 37(a)(5) permits the recovery of fees and expenses by parties seeking or resisting a motion to compel.

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Cheshire v. Air Methods Corp*, No. 3:15–CV–933, 2015 WL 7736649, at *3–4 (W.D. La. Nov. 30, 2015) (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). "A party objecting to discovery 'must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* at *4 (quoting *Reyes v. Red Gold, Inc.*, No. CIV A B-05-191, 2006 WL 2729412, at *1 (S.D. Tex. Sept. 25, 2006)).

### III. DISCUSSION

The Parties agree that the amount in controversy is significant, Defendant has access to the information Plaintiffs seek, Defendant has greater resources than Plaintiffs, and the burden on Defendant in producing the sought-after discovery is not great. (Doc. 32 at 3). Therefore, the only question before the Court is whether Defendant's invoicing and charging information is relevant to any Parties' claim or defense.

Plaintiffs seeks "all invoices and/or other documents evidencing, relating to or regarding Defendant's charges to its customers for work done by each Plaintiff during the Relevant Time Period." (Docs. 29-1 at 6; 29-2 at 3). Plaintiffs contend this information is relevant to the

determination of whether Defendant correctly classified Plaintiffs as independent contractors instead of employees. (Doc. 29 at 6). Specifically, Plaintiffs argue that courts regularly analyze whether welders work for employers on a project-by-project basis in cases presenting similar issues to this case. (*Id.* at 7) (citing *Trahan v. Honghua Am., LLC*, No. CIV.A. H-11-2271, 2013 WL 2617894, at *10 (S.D. Tex. June 10, 2013) ("The Fifth Circuit has recognized that, when a plaintiff's relationship with a defendant is on a project-by-project basis, it is indicative of independent contractor status."); *Carrell v. Sunland Const., Inc.*, 998 F.2d 330, 334 (5th Cir. 1993)). According to Plaintiffs, Defendant's billing information will demonstrate whether Plaintiffs performed welding services on a project-by-project basis or were continuously employed by Defendant. (*Id.* at 7–8).

Defendant contends the billing information — relating to its relationship with its customers — has no bearing on the relationship between Defendant and Plaintiffs. (Doc. 32 at 4). Defendant provides two hypotheticals to support its contention:

> In the first hypothetical, Defendant could have employed Plaintiffs continuously for several years to work on multiple different projects and invoiced its customers on a per project basis. In such a hypothetical, the "permanency of the relationship" factor would favor employee status. In the second hypothetical, Defendant could have employed Plaintiffs continuously for several years to work on multiple different projects and invoiced its customers monthly for any and all work completed in the month at issue. In such a hypothetical, the "permanency of the relationship" factor still would favor employee status.

(*Id.*). Defendant's hypotheticals focus on the probative value of the sought-after discovery, not upon its relevancy.

"Relevant information encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Merrill*, 227 F.R.D. at 470 (quoting *Sanders*, 437 U.S. at 351). "'Relevancy is broadly construed, and a

request for discovery should be considered relevant if there is any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.* (quoting *Sheldon*, 204 F.R.D. at 689). "Unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed." *Id.* (citing *Sheldon*, 204 F.R.D. at 689). Plaintiffs' cited cases, arguments, and Defendant's hypotheticals demonstrate to the Court that the invoicing and charging information Plaintiffs seeks could be relevant to the Parties' claims and defenses. Consequently, Plaintiffs may discover the invoicing information.

### IV. CONCLUSION

The Court **GRANTS** Plaintiffs' Motion to Compel Discovery Responses. (Doc. 29). The Court **ORDERS** Defendant to produce documents responsive to Plaintiffs' Request for Production Number 32 by **February 16, 2018**. The Court does not award expenses under Rule 37(a)(5) because the Court finds Defendant's objection substantially justified.

It is so **ORDERED**.

SIGNED this 29th day of January, 2018.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE