UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| JOSEPH HOBBS and DRAKE FEENEY, individually and on behalf of all others similarly situated; *Plaintiffs*, | § § § § § | |
| v. | § § | No. MO:17-CV-00030-DC |
| PETROPLEX PIPE AND CONSTRUCTION, INC., *Defendant*. | § § § § | |

## ORDER GRANTING DEFENDANT'S REQUESTS FOR ASSESSED FEES

BEFORE THE COURT are Defendant Petroplex Pipe and Construction, Inc.'s Request for Assessed Fees Pursuant to Order Granting Defendant's Rule 37(d) Motion to Dismiss and Request for Assessed Fees Against Former Plaintiff James Bouman Pursuant to Order Granting Defendant's Motion to Compel. (Docs. 55, 61). After due consideration, the Court **GRANTS** Defendant's Requests for Assessed Fees after certain adjustments. (Docs. 55, 61).

### I. FACTUAL BACKGROUND

**A. Rule 37(d) Motion to Dismiss Plaintiff Gonzales, Orozco, and Sigler's Claims**

On February 21, 2018, Defendant filed its Rule 37(d) Motion to Dismiss Plaintiffs Gonzales, Orozco, and Sigler's Claim for Complete Failure to Respond to Written Discovery and Comply with the Court's Order. (Doc. 43). On May 1, 2018, the Court granted Defendant's motion to dismiss and dismissed Plaintiffs Alex Gonzales, Marshall Orozco, and Kyle Sigler's claims without prejudice to refiling. (Doc. 50). Pursuant to Federal Rule of Civil Procedure 37, Defendant filed a request for fees and expenses relating to its motion to dismiss on May 10, 2018. (Doc. 55).

On May 11, 2018, Plaintiffs Joseph Hobbs and Drake Feeney, individually and on behalf of all others similarly situated, filed a response to Defendant's fee request. (Doc. 58). Plaintiffs explain that fees and expenses should not be assessed against the dismissed Plaintiffs. *Id.* Regarding Sigler, Plaintiffs states that "Sigler believed that because he did not have the documentation requested by Defendant in discovery, he could not participate in the lawsuit." *Id.* at 2. Further, Plaintiffs' Counsel notes that while he explained to the dismissed plaintiffs that non-responsiveness could lead to dismissal of their claims, he did not inform them that fees and expenses could be taxed against them for failing to respond to discovery. *Id.* Plaintiffs' Counsel contends, "that if the Non-responding Plaintiffs had been so informed, they would have communicated with Plaintiffs' counsel. Plaintiffs' counsel accepts responsibility for these circumstances and if the Court finds that an award of fees is appropriate, Plaintiffs' counsel will satisfy that award." *Id.* at 2.

**B. Opposed Motion to Compel Deposition of Plaintiff James Bouman**

On March 9, 2018, Defendant filed its Opposed Motion to Compel Deposition of Plaintiff James Bouman. (Doc. 45). In the alternative, Defendant requested the Court dismiss Plaintiff Bouman's claims. *Id.* As the discovery and dispositive motions deadlines passed, the Court found compelling Plaintiff Bouman's deposition would be futile. (Doc. 60). Consequently, the Court dismissed Plaintiff Bouman's claims without prejudice. *Id.* Pursuant to Rule 37, Defendant filed a request for fees and expenses relating to its motion to compel on May 21, 2018. (Doc. 61).

On May 22, 2018, Plaintiffs responded to Defendant's fee request. (Doc. 62). Plaintiffs note:

> Bouman stated that he had not been home in months and that he thought he previously expressed his desire to be removed from the lawsuit. In reviewing past texts from Bouman, Plaintiffs' counsel realized that Bouman did express an indication that he thought it

> was not in his best interests to be in the lawsuit. He did not, however, confirm a request from Plaintiffs' counsel to dismiss him. After that exchange there were no more responses from Bouman until the present.

*Id.* at 2. Plaintiffs' Counsel further explains, that while he explained to Bouman that non-responsiveness could lead to dismissal of his claims, he did not inform him that fees and expenses could be taxed against him for failure to respond to discovery. *Id.* Plaintiffs' Counsel contends, "that if Bouman had been so informed, he would have communicated with Plaintiffs' counsel. Plaintiffs' counsel accepts responsibility for these circumstances and if the Court finds that an award of fees is appropriate, Plaintiffs' counsel will satisfy that award." *Id.* at 2.

## II. LEGAL STANDARD

Under Rule 37, a party whose conduct necessitated the motion to enforce discovery generally is required to pay the movant's reasonable expenses and attorney fees. Fed. R. Civ. P. 37(a)(5)(A). Federal Rule of Civil Procedure 37(a)(5)(A) requires that a non-movant have an opportunity to be heard as to the award of fees and expenses, and provides three exceptions under which courts must not order payment of the movant's fees. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The three exceptions are: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. *See id*.

In the Fifth Circuit, the "lodestar" method is used to calculate attorney fees for purposes of fee awards. *See Tollett v. City of Kemah,* 285 F.3d 357, 367–68 (5th Cir. 2002). In calculating a lodestar, the number of hours reasonably expended are multiplied by an appropriate hourly rate in the community for such work. *See Singer v. City of Waco,* 324 F.3d 813, 829 (5th Cir. 2003). The party seeking reimbursement of attorney fees bears the burden of establishing the number of

hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). The Court then uses this as a benchmark and excludes any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id*. The hours remaining are those reasonably expended. *Id*.

After calculating the lodestar, the Court may either: (1) accept the lodestar figure; or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. 448 F.2d at 717–19. However, the lodestar is presumed to be reasonable and should only be modified in exceptional cases. *See Watkins,* 7 F.3d at 457. Additionally, a party seeking attorney fees may only recover for time spent in preparing the actual discovery motion or otherwise caused by the other party's failure to comply with discovery. *See Tollett,* 285 F.3d at 368. Any fees and expenses not caused by a discovery violation are not assessable. *See id.* ("Obviously, the fees incurred for the underlying discovery requests were not caused by any failure to comply. Discovery dispute or no, those fees would have been incurred.").

## III. DISCUSSION

### A. Federal Rule of Civil Procedure 37

Under Rule 37, a party whose conduct necessitated the motion to enforce discovery generally is required to pay the movant's reasonable expenses and attorney fees. Fed. R. Civ. P. 37(a)(5)(A). The three exceptions are: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Gonzales, Orozco, Sigler, and Bouman opted into this lawsuit. (Docs. 19, 25, 26, 27). Despite opting in, Gonzales, Orozco, and Sigler did not respond to Defendant's discovery requests—even after the Court ordered them to do so. (*See* Docs. 37, 50). Additionally, Plaintiff Bouman stopped communicating with Plaintiffs' Counsel when Plaintiffs' Counsel attempted to confirm whether or not he wished to be dismissed from the lawsuit. (Docs. 60, 62). As noted previously, Plaintiffs' Counsel explains that he informed these plaintiffs that a failure to communicate could lead to dismissal, but did not inform them that fees and expenses could be assessed against them for failing to respond. (Doc. 58 at 2; 62 at 2). Plaintiffs' Counsel assumes that if the Gonzalez, Orozco, Sigler, and Bouman had been so informed, they would have communicated with Plaintiffs' Counsel. *Id.*

Courts have not stated a bright-line test for "substantial justification," yet have held that "some justification" will not suffice. *Alvarez v. Wallace*, 107 F.R.D. 658, 662 (W.D. Tex. 1985). "Rather, the Court's focus must be on the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery, then such a justification is 'substantial.'" *Id.* The Court must determine if there is a

"genuine dispute" worthy of withholding discovery. *Id*. at 663. "If a party is forced to make a motion under Rule 37(a) for an order compelling discovery and [the Court] find[s] that opposition to the motion was not substantially justified [the Court] will award costs. Put another way, if the party opposing discovery has acted unreasonably he will pay for it." *SCM Societa Commerciale S.P.A. v. Industrial & Commercial Research Corp.*, 72 F.R.D. 110, 112 n.3 (N.D. Tex. 1976).

Plaintiffs agreed to join the lawsuit and provide no other reason besides confusion to justify their failure to communicate with the Court, Defendant, and Plaintiffs' Counsel. The Court finds that this excuse does not substantially justify Gonzalez, Orozco, Sigler, and Bouman's actions and the circumstances do not make an award of expenses unjust.

In its previous orders, the Court found that Plaintiffs' Counsel made multiple attempts to reach the non-responding plaintiffs. (Docs. 50 at 4; 60 at 3). Accordingly, the Court determined that assessing expenses against Plaintiffs' Counsel would be unjust. *Id.* However, the Court explained that it would consider an assessment of fees and expenses against the non-responding plaintiffs. Plaintiffs' Counsel now offers to "accept[] responsibility for these circumstances and if the Court finds that an award of fees is appropriate, Plaintiffs' counsel will satisfy that award." (Docs. 58 at 2; 62 at 2). The Court appreciates Plaintiffs' Counsel's offer and forthrightness. Accordingly, while the Court finds an assessment of fees and expenses appropriate for this case, it will allow the non-responding plaintiffs or Plaintiffs' Counsel to satisfy the award.

**B. Lodestar Amount**

Concerning Gonzales, Orozco, and Sigler, Defendant requests a total of $2,658.69 in attorney fees and expenses. (Doc. 55 at 3). Defendant subdivides its requests into phases. Phase One includes fees and expenses incurred after Gonzales, Orozco, and Sigler opted into the

lawsuit and totals $1,227.94. *Id.* at 2–3. Phase Two includes fees and expenses incurred by Defendant in its original motion to dismiss and totals $840.75.[1] *Id.* Phase Three includes fees and expenses incurred by Defendant in re-urging its motion to dismiss and totals $590.00. *Id.* Concerning Bouman, Defendant seeks only fees and expenses incurred due to Bouman's nonappearance for his deposition. (Doc. 61 at 2). These fees total $806.00. *Id.*

Plaintiffs contend that the fees and expenses requested relating to Gonzales, Orozco, and Sigler should be limited to those caused by the non-responding plaintiffs' failure to comply with the Court's January 29, 2018, order and those fees associated with Defendant's second motion to dismiss. (Doc. 58 at 3). Plaintiff argues that the fees and expenses requested relating to Bouman should be limited to those which include the time spent drafting the motion to compel and the request for fees—totaling $531. (Doc. 62 at 2–3).

i. **Reasonable Amount**

First, the Court must determine Defense Counsel's reasonable hourly rate on the basis of prevailing rates for attorneys of similar skill and experience in the relevant market. *McClain v. Lufkin Indus., Inc.,* 649 F.3d 374, 381 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). This rate is usually established through affidavits of other attorneys practicing in the relevant community. *Tollett*, 285 F.3d at 368. The relevant community refers to "the judicial district in which the litigation occurred," which is the Western District of Texas in this case. *See Ramirez v. Lewis Energy Grp., L.P.*, 197 F. Supp. 3d 952, 956 (S.D. Tex. 2016). However, "the district court is itself an expert in assessing these matters." *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.,* 526 F.2d 865, 868 (5th Cir. 1976) (citing *Weeks v. S. Bell Tel. & Tel. Co.*, 467 F.2d 95, 98 (5th Cir. 1972) ("The court is itself an expert on the question and may consider its own

---

1. The Court denied Defendant's original motion to dismiss in order to provide Gonzales, Orozco, and Sigler a final opportunity to respond and participate. (Doc. 37).

knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value.").

Defendant provides the declaration of its counsel Paul W. Simon. (Doc. 55-1). Mr. Simon is an attorney in good standing licensed to practice in Texas since 2007. *Id.* at 1. Mr. Simon is admitted to practice in every Federal District in Texas, the Fifth Circuit Court of Appeals, and the Court of Federal Claims. *Id.* Mr. Simon specializes in labor and employment matters including wage and hour litigation cases. *Id.* Mr. Simon billed an hourly rate of $295.00 in this case. *Id.* at 2. Mr. Simon testifies that his hourly rate is reasonable and consistent with the usual and customary fees charged by attorneys of equal experience. *Id.*

Additionally, the State Bar of Texas provides a 2015 Hourly Rate Fact Sheet.[2] According to the Fact Sheet, the median hourly rate for an attorney practicing in West Texas in 2015 was $225.00. *Id.* at 8. The median hourly rate for an attorney practicing employment law in West Texas was also $225.00. *Id.* at 10. Finally, the median hourly rate of an attorney with eleven years of experience in West Texas was $238.00. *Id.* at 12. As three years have passed since the creation of the Fact Sheet, the Court assumes the cited medians have increased slightly.

Considering Mr. Simon's declaration, the median hourly rates of attorneys in relevant practice areas in the local community, and the Court's knowledge of customary attorney rates in the local community, the Court finds that Mr. Simon's hourly rate of $295.00 reasonable.

### ii. Time Reasonably Expended

The next step in the lodestar analysis is to determine the number of hours reasonably expended on the litigation. As part of the reasonableness inquiry, the fee applicant has the burden of demonstrating the exercise of billing judgment. *Saizan*, 448 F.3d at 799. Billing judgment

---

[1]. STATE BAR OF TEXAS, 2015 HOURLY FACT SHEET (2015),
https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=34182

refers to the exclusion of hours that are excessive, redundant, or unproductive. *Id.* The remedy for lack of billing judgment is a reduction in hours "by a percentage intended to substitute for the exercise of billing judgment." *Id*. Any fees and expenses not caused by a discovery violation are not assessable. *See Tollett,* 285 F.3d at 368.

### a. Phase One

Defendant demonstrates the exercise of billing judgment in its request for Phase One fees. (Doc. 55 at 2–3). After Gonzales, Orozco, and Sigler, joined the lawsuit, another eight Plaintiffs—including Bouman—joined. *Id.* at 2. Accordingly, Defendant multiplies its Phase One request by 3/8 to account only for Gonzalez, Orozco, and Sigler. *Id.*

However, Defendant requests fees and expenses which are not reasonably caused by Gonzales, Orozco, and Sigler's discovery violations. *See id.* Specifically, the following lettered items were not caused by any discovery violations: a–e and i–r. The only Phase One expenses that appear to be caused by the discovery violation include:

> f. September 1, 2017 - Call with Plaintiffs' counsel regarding discovery deficiencies- 0.2 hours
>
> g. September 11, 2017 - Drafted letter to Plaintiffs' counsel regarding discovery deficiencies - 0.3 hours
>
> h. September 13, 2017 - Responded to Plaintiffs' counsel's discovery deficiency letter; amended discovery responses - 1.1 hours

(Doc. 55-1 at 3–4). Accordingly, the Court reduces the 11.1 hours of Phase One fees and expenses to 1.6 hours—representing the fees and expenses caused by the discovery violations at issue and excluding all unrelated fees and expenses.

### b. Phase Two

Defendant again demonstrates billing judgment concerning Phase Two fees and expenses. (Doc. 55 at 2). Defendant initially sought dismissal of Sigler, Orozco, Gonzales, and Benjamin Humphrey. (Doc. 28). The Court denied Defendant's initial motion to dismiss to provide these plaintiffs a final opportunity to participate. (Doc. 37). After the Court's denial of Defendant's initial motion, Plaintiff Humphrey began participating in discovery. (Doc. 55 at 2). Consequently, Defendant multiplies the fees and expenses relating to its initial motion to dismiss by 3/4 to discount Plaintiff Humphrey. (Doc. 55 at 2). All the time billed for Phase Two appears to be caused by the discovery violations at issue and therefore no hours should be discounted. (Doc. 55-2 at 3–4).

### c. Phase Three

Defendant does not discount any time related to re-urging its motion to dismiss against Sigler, Orozco, and Gonzales. *Id.* Again, the time billed for Phase Three appears to be caused by the discovery violations at issue and therefore should not be discounted. (Doc. 55-3 at 4).

### d. Motion to Compel

Defendant demonstrates billing judgment in its requests for fees and expenses relating to its motion to compel. (Doc. 61 at 2). Defendant seeks no fees or expenses for any work performed before the date Bouman joined the lawsuit. *Id.* Further, as Bouman participated in the lawsuit until the time of his failure to appear for his deposition, Defendant seeks only fees and expenses directly resulting from Bouman's failure to appear. *Id.* Reviewing the hours billed by Defendant, the Court finds Bouman's failure to appear directly caused Defendant to incur the fees and expenses. (Doc. 61-1 at 3–4).

### C. Calculation and Adjustments

The Court calculates the lodestar:

| | | |
|---|---|---|
| Phase One | ($295.00 x 1.6) x 3/8 | = $177.00 |
| Phase Two | ($295.00 x 3.8) x 3/4 | = $840.75 |
| Phase Three | ($295 x 2.0) | = $590.00 |
| Motion to Compel | ($295 x 1.8) | = $531.00 |
| Total: | | $2,138.75 |

The Court finds that this lodestar of $2,138.75 reflects the reasonable number of hours expended in connection with the motions and reasonable hourly rates charged. The Court further finds no reason, based on any of the *Johnson* factors, to modify the $2,138.75 lodestar amount, of which there is a strong presumption of reasonableness. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

### IV. CONCLUSION

Due to the preceding discussion, the Court **GRANTS** Defendant's Request for Assessed Fees Pursuant to Order Granting Defendant's Rule 37(d) Motion to Dismiss and Request for Assessed Fees Against Former Plaintiff James Bouman Pursuant to Order Granting Defendant's Motion to Compel. (Docs. 55, 61). However, the Court deducts certain hours from Defendant's requests.

The Court Orders Alex Gonzales, Marshall Orozco, and Kyle Sigler to each pay $535.92—representing a 1/3 proportion of the $1607.75 fees and expenses incurred by Defendant relating to Phases One, Two, and Three—no later than **twenty-one (21)** days from the date of this order.

The Court Orders James Bouman to pay $531.00—representing the fees and expenses incurred by Defendant relating to its motion to compel—no later than **twenty-one (21)** days from the date of this order.

Alternatively, Plaintiffs' Counsel may pay Defendant some or all of the fees and expenses outlined above no later than **twenty-one (21)** days from the date of this order.

It is so **ORDERED**.

SIGNED this 11th day of June, 2018.

                                        DAVID COUNTS
                                        UNITED STATES DISTRICT JUDGE