**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| Joseph Hobbs and Drake Feeney, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | CA No.: 17-CV-00030-DC |
| v. | § § | Collective Action |
| Petroplex Pipe and Construction, Inc. | § § | |
| Defendant. | § § | |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND RELATED COSTS AND EXPENSES**

Plaintiffs Joseph Hobbs ("**Hobbs**") and Drake Feeney ("**Feeney**") (each a "**Plaintiff**" and collectively "**Plaintiffs**"), pursuant to Federal Rule of Civil Procedure 54(d), file their Motion for Attorneys' Fees and Related Costs and Expenses ("**Motion**") seeking $145,964.25 in fees and $7,9717.23 in expenses[1] against Petroplex Pipe and Construction, Inc. ("**Defendant**" or "**Petroplex**") in support thereof would show the following:[2]

### I.   BACKGROUND

1. On March 7, 2019, The Court made its findings of fact and conclusions of law, and ordered that judgment be entered against Defendant in the amount of: (1) $50,800 in unpaid wages; (2) $50,800 in liquidated damages; and (3) reasonable attorney fees and costs. (Doc. 118 at 21).

2. The parties worked hard to litigate this case as efficiently as possible and the respective counsel cooperated in a professional manner. Exh. A at ¶ 25. Litigation in federal court, however, is

---

[1] Pursuant to Local Rule 54, Plaintiffs will file concurrently herewith a separate Bill of Costs for all incurred costs specifically allowed thereby.

[2] In support of this Motion, Plaintiffs attach the declaration of their lead counsel, Chris R. Miltenberger (the "**Miltenberger Declaration**") as **Exhibit A** and the documents upon which he relies as **Exhibits A-1 to A-8.**

time consuming, as the Court rightly expects and demands that the parties' filings with the Court be prepared in a detailed and professional manner to assist the Court in resolving matters. *Id.* To this end, Plaintiffs' counsel was as efficient as possible in meeting the high expectations of this Court and federal courts in general, and their reasonable fees requested reflect such efficiency. *Id.*

3. As the prevailing party in an FLSA action, Plaintiffs are entitled to recover their attorneys' fees and expenses. 29 U.S.C. § 216(b); Fed. R. Civ. P. 54(d), and this court, by entrance of its judgment, directed they be awarded to Plaintiffs. (Doc. 118 at 21). The reasonable attorneys' fee that Plaintiffs request is the lodestar amount, $145,964.25, which is the combined fee of Plaintiffs' primary counsel, Chris Miltenberger and secondary counsel Rebecca Miltenberger and Steve Ashley.

## II.   LEGAL OVERVIEW

13. Under the FLSA, a prevailing plaintiff is entitled to reasonable attorney fees and costs. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing 29 U.S.C. § 216(b)). The United States Court of Appeals for the Fifth Circuit follows the lodestar method for determining the reasonableness of attorney fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). To determine appropriate attorney fees, the court multiplies the reasonable hourly fee by the number of hours reasonably expended on the case to arrive at a lodestar figure. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). The trial court may use its own expertise and judgment to independently assess the value of an attorney's services. *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976).

## III.   ANALYSIS

14. Based on the lodestar analysis, Plaintiffs seek $145,964.25 in attorneys' fees. This amount is supported by: (a) an analysis of the reasonable hours spent working on this case and the reduction made to those hours by Plaintiffs' counsel; and (b) the reasonable hourly rates. These factors are discussed below and are supported by the declaration of Holly Williams (Exh. A-5), an attorney

practicing employment law in the Western District of Texas and the Midland/Odessa area, by the declaration of Plaintiffs' lead counsel, Chris Miltenberger ("**Miltenberger**") (Exh. A) and contemporaneous time records (Exh. A-6). Additionally, in the Fifth Circuit, the court may adjust the lodestar based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). The 12 factors set forth by the *Johnson* court for determining fee awards are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Blanchard v. Bergeron*, 489 U.S. 87, 92 (1989). The *Johnson* factors, are also discussed below, and are also supported by testimony from Miltenberger in the Miltenberger Declaration.

    **A.**    **Hours of Work Are Reasonable**

15.    Plaintiffs seek an award based on hours of time from the Law Office of Chris R. Miltenberger, PLLC and Steve Ashley. Exh. A ¶ 14. Each attorney tracked their time on a daily basis. *See id.* A report reflecting the hours of work sought by Plaintiffs is attached as Exhibit A-6. It is chronologically organized. It accurately reflects all attorneys and paralegals at the Law Office of Chris R. Miltenberger, PLLC and Steve Ashley that billed time to this case.[3] *See id.*

16.    In his Declaration, Miltenberger describes in detail the work performed, time charged and the reasonableness and necessity of the Law Office of Chris R. Miltenberger, PLLC's work and charges. Exh. A, ¶¶ 5-10, 14-19. Specifically, Miltenberger describes the issues involved in this case

---

[3] Mr. Ashely's time was entered into the Miltenberger Firm's time and billing software.

and the need to conduct depositions aimed at developing those issues, and the summary judgment filings herein. *Id.* at ¶¶ 6-11. This case involves a cause of action for liability for overtime payments and, more importantly, the issue of whether Plaintiffs were employees instead of independent contractors. *Id.* at ¶¶ 6-7. Miltenberger describes how his firm was required to prepare pleadings, conduct discovery, participate in and respond to motion practice, prepare pre-trial documents (jury and bench), conduct a bench trial and prepare post-trial motions. *Id.* at ¶ 6. Specifically, Miltenberger describes how his firm was required to prepare for and participate in depositions of several individuals to obtain information regarding the fact-intensive circumstances surrounding Plaintiffs' misclassification as independent contractors. *Id.* at ¶ 6. Miltenberger describes the significant contested motions filed that contributed to the 119 ECF filings in this case to date. *Id.* at ¶¶ 6-7. The summary judgment motions on both sides involved significant deposition testimony review and documentation of significant amounts of facts surrounding this case, due to the fact-intensive nature of the central issue in the action. *Id.* at ¶ 7. In an inquiry regarding whether a person is an employee or independent contractor, five or more factors must be analyzed. *Id.* at ¶ 7. *See Hopkins v. Cornerstone Am.,* 545 F.3d 338, 343 (5th Cir. 2008). By its nature, this multi-factor test is a fact-intensive exercise. Exh. A at ¶ 7. *See Carrell v. Sunland Contr., Inc.,* 998 F.2d 330, 334 (5th Cir. 1993). In preparing Plaintiffs' Motion for Summary Judgment and responding to Defendant's Motion for Summary Judgment, Miltenberger describes how his office was required to review the deposition testimony of five witnesses to establish Plaintiffs' case. Exh. A at ¶ 7. In order to accurately brief Plaintiffs' summary judgment motion, respond to Defendant's summary judgment motion and submit a reply in Plaintiffs' summary judgment motion, Miltenberger describes how his office submitted 75 pages in briefing with a voluminous amount of exhibits in support. *Id.* Finally, Miltenberger describes how the Plaintiffs were required to file and prosecute a Motion to Compel answers to discovery in this matter. *Id.* at ¶ 6.

17. Miltenberger also describes the circumstances surrounding the amount of time put forth in preparation for trial of this case. *Id.* at ¶ 8. This case was originally filed with a jury request. *Id.* Miltenberger and his office readied for a jury trial, preparing voir dire and jury instructions. *Id.* However, at the pretrial hearing, the Court urged the parties to try this case as a bench trial. *Id.* Thus, after such work was completed, the parties agreed to try this case to the bench and Miltenberger switched gears and prepared proposed Findings of Fact and Conclusions of Law. *Id.* Also, at the pretrial hearing, Miltenberger describes how the Court urged the parties to mediate the case before trial. *Id.* at ¶ 9. Thus, Plaintiffs participated in good-faith mediation, but to no avail. *Id.*

18. Miltenberger also describes the circumstances surrounding the amount of time put forth on post-trial filings. *Id.* at ¶ 10. At the conclusion of the trial, Defendant requested to submit written arguments to the Court in lieu of closing and the Court agreed. *Id.* Thus, Miltenberger and his office drafted Plaintiffs' own written argument in lieu of closing, together with proposed Findings of Fact and Conclusions of Law to submit to the Court, complete with transcript citations. *Id.* In preparation of Plaintiffs' Post Trial Brief and Annotated Findings of Fact and Conclusions of Law (Doc. 115), Miltenberger described how his office was required to review the transcript for specific cites to support specific Findings of Fact that were set forth in such Post Trial Brief. *Id.*

19. The Plaintiffs prevailed regarding the central and most important issue of the case, *i.e.,* that the Plaintiffs were in fact employees of Defendant and entitled to overtime, and the Court found no factors that pointed to independent contractor status for Plaintiffs. *Id.* at ¶ 11. In so finding, the Court awarded Plaintiffs all unpaid overtime they were entitled under the law within the normal two-year statute of limitations, as well as the full matching amount in liquidated damages. *Id.*

    **B.**    **Counsel Exercised Billing Judgment**

11. The Law Office of Chris R. Miltenberger, PLLC and Steve Ashley performed the services on the dates for the time indicated in the time records attached as Exhibit A-6. The specific

work performed by the firms in prosecuting this action is detailed in the time entries therein. It is the Miltenberger firm's and Ashley firm's practice to maintain contemporaneous time records setting forth the amount of time spent working on each case with descriptions regarding the actual task involved. Exh. A at ¶ 15.   It is the practice of Miltenberger, Ms. Miltenberger and Mr. Ashely to record only those hours that the firm would customarily bill to a client paying on an hourly basis. *Id.* at ¶ 15.

12. Miltenberger exhibited billing judgment in several different ways.  Miltenberger and Ms. Miltenberger exercised billing judgment before recording time to eliminate time for duplicative or redundant tasks or to reduce time for work that may have been inefficient, unproductive or excessive. *Id.* at ¶ 16.    Additionally, after time entries were made, Miltenberger exercised additional billing judgment by further reducing certain time entries of Ms. Miltenberger in order to streamline hours of documentation and deposition review and legal research; such billing judgment reflects a reduction of 23.55hours at $350 per hour, or $8,242.50.  *Id. See* negative entries in Exh. A-6.  Additionally, with respect to Defendant's Motions to Dismiss certain opt-in plaintiffs for failure to respond to discovery, Miltenberger deleted charges for his time spent responding to such motions, thus further reducing the firm's fees Finally, Miltenberger exercised billing judgment by reducing all of his travel time to Midland/Odessa for this case by 50 percent, in order to further reasonably reduce his fees by a total of 19 hours or $8,075.00. Exh. A at ¶ 16; *see also* additional N/C entries in Exh. A-6 (immediately following each Midland travel entry).  *See Bd. Of Supervisors of La. State Univ. v. Smack Apparel,* No. 04-1593, 2009 WL 927996, at *6 (E.D. La. Apr. 2, 2009)("Travel time . . . in the Fifth Circuit is usually compensated by 50% of actual time); *see also Hopwood v. State of Tex.* 999 F.Supp. 872, 914 (W.D. Tex. 1998)(aff'd in part, rev'd in part sub nom. Hopwood v. State of Texas,* 236 256 (5th Cir. 2000)(reducing fees for travel time by fifty percent).

13. To the extent Miltenberger could assign work to Ms. Miltenberger, who has a lower billable rate than he, to perform particular tasks, he exercised billing judgment and did so. Exh. A at ¶ 17.

14. Miltenberger testifies that, in exercising billing judgment, he reviewed the billing records maintained in this case and is satisfied that the amount of time billed to specific tasks, and the amount spent on the case overall, is reasonable and not excessive in light of the issues in the case. *Id.* Miltenberger testifies that the hours claimed for he, Ms. Miltenberger and Steve Ashley are well grounded in fact and justified and that they were actually expended on the topics stated. *Id.* at ¶ 20. These hours are reasonable and this Court commits no clear error in accepting all of them as such. *Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565, 1582 (5th Cir. 1989) ("[w]e decline to conclude that accepting as reasonable all of the time any attorney has submitted automatically renders the court's finding clearly erroneous"), *cert. denied*, 493 U.S. 1019 (1990).

    **C.**    **The Hourly Rate Upon Which Plaintiffs Base Their Award is Reasonable**

15. As this Court has stated previously in this case, in the lodestar analysis, the Court must determine Plaintiffs' Counsel's "reasonable hourly rate on the basis of prevailing rates for attorneys of similar skill and experience in the relevant market." *Hobbs v. Petroplex Pipe and Constr., Inc.* No. 17-CV-00030-DC (Doc. 75 at 7) (citing *McClain v. Lufkin Indus., Inc.,* 649 F.3d 374, 381 (5th Cir. 2011 (internal citation omitted). "This rate is usually established through affidavits of other attorneys practicing in the relevant Doc. 75 at 7 (internal citations omitted). "The relevant community refers to 'the judicial district in which the litigation occurred,' which is the Western District of Texas in this case. *Id.* (internal citations omitted). "However, 'the district court is itself an expert assessing these matters.'" *Id.* (internal citations omitted).

16. In this case, Miltenberger provides his own declaration as well as the declaration of Holly Williams, who practices employment law in the Western District of Texas and in the Midland/Odessa area in which they both testify that Miltenberger's rate of $425, Ms. Miltenberger's rate of $350, Mr. Ashely's rate of $350 and the paralegal rate of $110 are reasonable for the Western District of Texas and for the level of experience they each have. *See* Exh. A ¶¶ 12-14; Exh. A-5 at ¶¶

---

8-9.  Chris Miltenberger has practiced law since 1982, has practiced labor and employment for 26 years, and regularly represents Plaintiffs in FLSA cases in Federal District Courts throughout Texas. Exh. A ¶¶ 2-3; Exh. A-1.  Rebecca Miltenberger is a seasoned "of-counsel" attorney with Miltenberger's firm, having practiced in several areas for more than 17 years and in the area of employment law for more than 11 years.  Exh. A at ¶ 4; Exh. A-2.  Courts in the Western District of Texas have awarded Miltenberger's contemporaries up to $750 an hour in employment and FLSA cases.  Exh. A-3 at 20-24.  Specifically, recently this Court has awarded an employment lawyer (Ms. Williams) with less experience than Miltenberger, $425 per hour. Exh. A at ¶ 14; Exh. A-3 at p.2. The requested rates are in-line with those awarded in similar employment litigation cases in the Western District of Texas, as set forth in the chart reflecting recent attorneys' fee awards in employment cases in the Western District of Texas in the survey attached. Exh. A at ¶ Exh 14; Exh. A-2 at 20-24 (and described in the applicable court cases referenced therein).

### D. Johnson Factors Do Not Justify an Adjustment of Fees

17. Plaintiffs do not seek an upward adjustment to the lodestar amount of $144,914.25 based on the *Johnson* factors.  Additionally, Plaintiffs oppose a downward adjustment of the lodestar amount as such is not justified under the facts of this case.  This is especially so because the important factor recognized by the Fifth Circuit, degree of success, clearly weighs in Plaintiffs' favor, as Plaintiffs recovered one hundred percent of the damages sought for a two-year period and one hundred percent of liquidated damages.  *See Saizan,* 448 F.3d at 799 (A critical factor in determining an attorneys' fee award is the degree of success obtained).

18. The *Johnson* factors are applied below:

The time and labor required for the litigation:  See above.

    a.    The novelty and difficulty of the questions presented:  This case presented difficult questions as to the employment classification of the welders.

b.	The skill required to perform the legal services properly: Above average skill was required in this case because of the nature of independent contractor/employee issue central to this case.

c.	The preclusion of other employment by the attorney due to acceptance of the case:  Not applicable.

d.	The customary fee:  This matter was handled on a pure contingent fee basis, which is customary, although many firms charge clients their costs, or some other small retainer, neither of which Plaintiffs' counsel did in this case.  *See* Exh. A, ¶ 23.

e.	Whether the fee is fixed or contingent:  It was a contingency fee case.

f.	Time limitations imposed by the client or the circumstances:  Not applicable.

g.	The amount involved and the result obtained: Plaintiffs recovered every dollar they sought in a two-year statute of limitations.  They also recovered the full amount of liquidated damages. Plaintiffs proved they were employees, not independent contractors, of Defendant.

h.	The experience, reputation and ability of the attorneys:  Addressed above.

i.	The "undesirability" of the case:  The case was undesirable because of the risk that if the Court did not find Plaintiffs to be employees, there would be no recovery.

j.	The nature and length of the professional relationship with the client:  The relationship began in October of 2017.

k.	Awards in similar cases:  The proposed attorneys' fees award of $145,964.25 is standard compared to other similar cases that were tried in Texas recently.[4]

**E.	Costs and Expenses**

19.	Before a court taxes a bill of costs, the party claiming the costs shall attach an affidavit that such amount is correct, was necessarily incurred during the case, and the services which gave rise

---

[4] *See Willis v. Full Service Construction et al*, CA 4:14-cv-1673 [ECF No. 77] (S.D.Tex., Feb. 26, 2016) (awarding $99,291.75 in fees and costs on $6,686.20 in damages); *Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2014 WL 3534991, at *4 (N.D. Tex. July 17, 2014) (awarding $232,400.81 in fees on $23,747.56 in damages); *Wherley v. John Schellsmidt et al*, 3:12-cv-0242-D [ECF No. 89], 2014 WL 3513028  (N.D. Tex. 2014) (Judge Fitzwater awarded $71,695.00 in fees on a recovery of $16,138.00); *Howe v. Hoffman-Curtis Partners, Ltd., LLP*, 215 Fed App'x 341, 342 (5th Cir. 2007) (affirming $125,805 in attorneys' fees where the plaintiff recovered $23,357 in damages); *Mauricio v. Philip Galyen, P.C.,* 174 F.Supp.3d 944 (N.D. Tex. 2016) (awarding $91,960 in fees on $50,000.00 in damages); *Villegas v Regions Bank*, CA 4-11-cv-904, S.D. Tex. 2013 [ECF No. 27] (awarding $13,230.00 in fees on damages of $1,413.00); *Hilton v. Executive Self Storage Associates, Inc.*, No. CIV.A. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (awarding $21,132.05 in fees on damages of $2,000.00 in an FLSA case).

to the cost were actually and necessarily performed. 28 U.S.C. § 1924 (2006). If a party does not set out costs and expenses with sufficient particularity, a court may disallow them. *See Davis v. Commercial Union Ins. Co.*, 892 F.2d 378, 385 (5th Cir. 1990). Plaintiffs are filing their Bill of Costs in the amount of $3,993.04, separately and contemporaneously herewith.

20. In addition to an award pursuant to a Bill of Costs, courts in the Western District of Texas have also determined that costs are also appropriately awarded to prevailing parties in FLSA cases as part of a reasonable fee. This Court has awarded expenses in *Roberts v Brinkerhoff Inspection, Inc.*, MO:16-cv-000342-DC, (Doc. 86) (Doc. 86) (W.D. Tex. Midland) (Counts, J.) (awarding expenses requested in ECF No. 82); *Carley v. Crest Pumping Technologies, LLC*, MO:15-cv-00161-DC, (Doc. 134) (W.D. Tex. Midland) (Counts, J.)(awarding expenses requested in ECF No. 120-1, at * 65-67); s*ee also Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 629–30, 2015 WL 5098327 (W.D. Tex. 2015)("Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." citing *Hilton v. Exec. Self Storage Assocs.,* 2009 WL 1750121, at *16 (S.D.Tex. June 18, 2009) (citing *Quintanilla v. A & R Demolition Inc.,* 2008 WL 9410399, at *9 (S.D.Tex. May 7, 2008))).

21. Here, Plaintiff seeks expenses in the amount of **$3,924.19**. A detailed spreadsheet setting out each expense is attached to Miltenberger's Declaration (Exh. A) as **Exhibit A-7.** The expenses are correct, were necessarily incurred during the case, and the services which gave rise to the expenses were actually and necessarily performed. Exh. A, ¶ 21. Expenses sought include mediation costs, postage, parking costs and travel costs. These types of expenses have been previously awarded by this Court in other cases.

### IV. CONCLUSION

Plaintiffs respectfully move the Court to enter an order awarding them reasonable and necessary attorneys' fees of $145,964.25; expenses of $3,924.19 and costs in the amount of $3,993.04 for a total award of $153,881.48.

Plaintiffs also seek all other relief to which they are justly entitled, as determined by this Honorable Court.

Respectfully submitted:

By: ___/s/ Chris R. Miltenberger___
      Chris R. Miltenberger
      Texas State Bar Number 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiffs

### CERTIFICATE OF CONFERENCE

I certify that pursuant to the local rules I conferred with counsel for Defendant on this motion. The motion is opposed with regard to, among other things, the hourly rates and the matters for which time is charged. Defendant will set forth its specific opposition in its response brief.

By: ___/s/ Chris R. Miltenberger___
      Chris R. Miltenberger

## CERTIFICATE OF SERVICE

    I certify that I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.

                       By:    /s/ Chris R. Miltenberger
                                    Chris R. Miltenberger