UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| Joseph Hobbs and Drake Feeney, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | CA No.: 17-CV-00030-DC |
| v. | § § | |
| Petroplex Pipe and Construction, Inc. | § § § | Collective Action |
| Defendant. | § § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND RELATED COSTS AND EXPENSES INCURRED ON APPEAL**

Plaintiffs Joseph Hobbs ("**Hobbs**") and Drake Feeney ("**Feeney**") (each a "**Plaintiff**" and collectively "**Plaintiffs**" or "**Plaintiffs-Appellees**"), file their Unopposed Motion for Attorneys' Fees and Related Costs and Expenses Incurred on Appeal ("**Motion**") seeking $36,670.00 in fees and expenses against Petroplex Pipe and Construction, Inc. ("**Defendant**" or "**Petroplex**") in support thereof would show the following:[1]

The lodestar amount of fees and expenses is $44,958.37. For purposes of billing judgment and compromise, the parties have agreed on $36,670.00 in fees and expenses. An agreed order is submitted for the Court's approval.

Defendant specifically notes that in light of the Parties' negotiated resolution regarding the amount of fees, Defendant does not oppose Plaintiffs' Motion for Fees as a general matter. Defendant, however, reserves any opposition to Plaintiffs' explanation and/or assertions regarding

---

[1] In support of this Motion, Plaintiffs attach the declaration of their lead counsel, Chris R. Miltenberger (the "**Miltenberger Declaration**") as **Exhibit A** and the documents upon which he relies as **Exhibits A-1 to A-2.**

the reasonableness and/or necessity of hours in the event further action is required or necessary by the Court on the matter of fees.

## I. BACKGROUND

1. On March 7, 2019, this Court made its findings of fact and conclusions of law, and ordered that judgment be entered against Defendant in the amount of: (1) $50,800 in unpaid wages; (2) $50,800 in liquidated damages; and (3) reasonable attorney fees and costs. *Hobbs v. Petroplex Pipe and Construction, Inc.,* 360 F.Supp.3d 571 (W.D. Tex. 2019). Defendant noticed an appeal on April 23, 2019, contesting this Court's holding that Hobbs and Feeney were employees instead of independent contractors, and, thus, sought to overturn this Court's final judgment. *Hobbs v. Petroplex Pipe and Construction, Inc.,* 946 F.3d 824, 827 (5th Cir. 2020). On January 10, 2020, the Fifth Circuit affirmed this Court's judgment in all respects. 946 F.3d at 836-37. On February 19, 2020, the Fifth Circuit amended its "judgment to include an award of attorney's fees to the [Plaintiffs]-Appellees for their successful defense of this appeal." Doc. 132, p. 1. The Fifth Circuit then remanded this case to this Court "for the limited purpose of assessing the amount of reasonable attorney's fees incurred by [Plaintiffs]-Appellees in connection with this appeal." *Id.,* p. 1-2 (citing *Gagnon v. United Technisource, Inc.,* 607 F.3d 1036, 1044-45 (5th Cir. 2010)).

2. The reasonable attorneys' fees and expenses that Plaintiffs request is an agreed upon amount of $36,670.00, which is the combined fees and expenses of Plaintiffs' primary counsel Chris Miltenberger "**Miltenberger**") and secondary counsel Rebecca Miltenberger ("**Ms. Miltenberger**").

## II. LEGAL OVERVIEW

Under the FLSA, a prevailing plaintiff is entitled to reasonable attorney fees and costs. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing 29 U.S.C. § 216(b)). The Fifth Circuit has held that prevailing plaintiffs under the FLSA may recover an "additional fee to compensate counsel for their services in connection with the appeal . . . when the appellate court considers such an award appropriate." *Gagnon*, 607 F.3d at 1045 (quoting *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1150 (5th Cir. 1970)).

The United States Court of Appeals for the Fifth Circuit follows the lodestar method for determining the reasonableness of attorney fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). To determine appropriate attorney fees, the Court multiplies the reasonable hourly fee by the number of hours reasonably expended on the case to arrive at a lodestar figure. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). The Court may use its own expertise and judgment to independently assess the value of an attorney's services. *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976).

## III. ANALYSIS

The parties have agreed upon an amount of reasonable attorneys' fees and expenses. Based on the lodestar analysis, Plaintiffs seek $36,670.00 in attorneys' fees and expenses. This amount is supported by: (a) an analysis of the reasonable hours spent working on this case and the reduction made to those hours by Plaintiffs' counsel;[2] and (b) the reasonable hourly rates. These factors are

---

[2] Attached hereto as **Exhibit B** for the Court's reference is the brief filed with the Fifth Circuit by the Plaintiffs-Appellees in this case ("**Plaintiffs' Appellate Brief**"). Plaintiffs-Appellees attach this brief as evidence of the work committed to the appeal of this case.

---

discussed below and are supported by the Miltenberger Declaration (Exh. A) and contemporaneous time records (Exh. A-1).

### A. Hours of Work Are Reasonable

Plaintiffs seek an award based on hours of time from the Law Office of Chris R. Miltenberger, PLLC. *See* Exh. A-1. Each attorney tracked their time on a daily basis. *See* Exh. A ¶ 4. A report reflecting the hours of work sought by Plaintiffs is attached as Exhibit A-1. It is chronologically organized. It accurately reflects all attorneys and paralegals at the Law Office of Chris R. Miltenberger, PLLC. *See id.*

In his Declaration, Miltenberger describes in detail the work performed, time charged and the reasonableness and necessity of the Law Office of Chris R. Miltenberger, PLLC's work and charges. Exh. A, ¶¶ 4-7. Specifically, Miltenberger describes the issues involved in this case and the necessity of Plaintiffs to show on appeal that this Court's findings of fact and its findings regarding the five economic factors were not clearly erroneous. *Id.* at ¶ 5. This case involved a cause of action for liability for overtime payments and, more importantly, the issue of whether Plaintiffs were employees instead of independent contractors. *Id.* Miltenberger describes how his firm was required to argue the fact-intensive circumstances surrounding Plaintiffs' misclassification as independent contractors. *Id.* In an inquiry regarding whether a person is an employee or independent contractor, five or more factors must be analyzed. *Id. See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). By its nature, this multi-factor test is a fact-intensive exercise. Exh. A at ¶ 5. *See Carrell v. Sunland Contr., Inc.,* 998 F.2d 330, 334 (5th Cir. 1993). In preparing Plaintiffs' Appellate Brief, Miltenberger describes how his office was required to review this Court's findings of fact, conclusions of law, and the bench trial record to accurately

portray to the Fifth Circuit the lack of clearly erroneous findings and conclusions by this Court and the reasonable support in the record of all such findings and conclusions. Exh. A at ¶ 5. In preparing Plaintiffs Appellate Brief, Miltenberger describes how his office was required to argue, *de novo*, that the ultimate determination of employee status based on the five economic factors was appropriate under recent as well as long standing Fifth Circuit law. *Id. See, e.g., Parrish v. Premier Directional Drilling, L.P.,* 917 F.3d 369 (5th Cir. 2019); *Carrell v. Sunland Contr., Inc.,* 998 F.2d 330 (5th Cir. 1993). In order to accurately prepare Plaintiffs' Appellate Brief, Miltenberger describes how his office reviewed over 300 pages of the bench trial record and wrote and submitted 60 pages in briefing. *Id.* at ¶ 5. Finally, Miltenberger describes how he prepared for and participated in oral argument before the Fifth Circuit and the expenses incurred therewith. *Id.* at ¶ 6, 15; A-2.

The Plaintiffs prevailed on appeal regarding the determinative issue of the case, *i.e.,* that the Plaintiffs were in fact employees of Defendant and entitled to overtime, and the Fifth Circuit Court found that the economic realities did not support independent contractor status for Plaintiffs. *Id.* at ¶ 7. In so finding, the Fifth Circuit Court confirmed this Court's award to Plaintiffs all unpaid overtime they were entitled under the law within the normal two-year statute of limitations, as well as the full matching amount in liquidated damages. *Id.*

### B. Counsel Exercised Billing Judgment

The Law Office of Chris R. Miltenberger, PLLC performed the services on the dates for the time indicated in the time records attached as Exhibit A-1. The specific work performed by the firm in prosecuting this action is detailed in the time entries therein. It is the Miltenberger firm's practice to maintain contemporaneous time records setting forth the amount of time spent working on each case with descriptions regarding the actual task involved. Exh. A at ¶ 4. It is the practice

of Miltenberger and Ms. Miltenberger to record only those hours that the firm would customarily bill to a client paying on an hourly basis. *Id.*

Miltenberger exhibited billing judgment in several different ways. Miltenberger and Ms. Miltenberger exercised billing judgment before recording time to eliminate time for duplicative or redundant tasks or to reduce time for work that may have been inefficient, unproductive or excessive. *Id.* at ¶ 8. Additionally, to the extent Miltenberger could assign work to Ms. Miltenberger, who has a lower billable rate than he, to perform particular tasks, he exercised billing judgment and did so. *Id* at ¶ 9. *See also* Exh. A-1.

Further, Miltenberger testifies that, in exercising billing judgment, he reviewed the billing records maintained in this case and is satisfied that the amount of time billed to specific tasks, and the amount spent on the case overall, is reasonable and not excessive in light of the issues in the case. Exh. A at ¶ 10. Miltenberger testifies that the hours claimed for he and Ms. Miltenberger are well grounded in fact and justified and that they were actually expended on the topics stated. *Id.* at ¶13. These hours are reasonable and this Court commits no clear error in accepting all of them as such. *Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565, 1582 (5th Cir. 1989) ("[w]e decline to conclude that accepting as reasonable all of the time any attorney has submitted automatically renders the court's finding clearly erroneous"), *cert. denied*, 493 U.S. 1019 (1990).

Finally, Miltenberger exercised billing judgment by reducing the amount sought by approximately 18%. The parties are in agreement on this amount. Exh. A at ¶ 11.

    **C.**    **The Hourly Rate Upon Which Plaintiffs Base Their Award is Reasonable**

As this Court has stated previously in this case, in the lodestar analysis, the Court must determine Plaintiffs' Counsel's "reasonable hourly rate on the basis of prevailing rates for

attorneys of similar skill and experience in the relevant market." Order Granting Defendant's Request for Assessed Fees (Doc. 75 at 7) (citing *McClain v. Lufkin Indus., Inc.,* 649 F.3d 374, 381 (5th Cir. 2011) (internal citation omitted)). After considering Plaintiffs' Motion for Attorneys' Fees after the bench trial (Doc. 120), Defendant's response thereto (Doc. 124) and Plaintiffs' reply (Doc. 127), this Court awarded fees to Plaintiffs at an hourly rate of $375 for Miltenberger, $325 for Ms. Miltenberger, and $110 for Paralegals. Order Awarding Plaintiffs' Attorney Fees (Doc. 130 at 6-7)("**Attorneys' Fees Order**"). In so doing, this Court considered the skill and experience of the attorneys in this case, and the prevailing hourly rates in the relevant trial market of the Western District of Texas. Attorneys' Fees Order Doc. 130 at 5-7. Thus, Plaintiffs assert that these hourly rates continue to be at least reasonable, considering the fact that this work was for the appellate level of the Fifth Circuit. *See Miller v. Raytheon Co.,* No. 3:09-cv-440-O, 2013 WL 6838302, at *7 (N.D. Tex. Dec. 27, 2013)("[T]he hourly rate for attorneys' fees on appeal shall be the same as the hourly rate for trial work unless the movant provides sufficient evidence warranting an upward departure."). *See also* Exh. A at ¶ 3.

### D. Costs and Expenses

Before a court taxes a bill of costs, the party claiming the costs shall attach an affidavit that such amount is correct, was necessarily incurred during the case, and the services which gave rise to the cost were actually and necessarily performed. 28 U.S.C. § 1924 (2006). Plaintiffs filed a Bill of Costs with the Fifth Circuit Court and the Fifth Circuit Court awarded costs listed therein to Plaintiffs in the amount of $106.50.

In addition to an award pursuant to a Bill of Costs, Plaintiffs are entitled to recover reasonable expenses. This Court has so ruled in its Attorneys' Fees Order. *See* Doc. 130 at 18-20. Plaintiffs seek an award of $744.12 in costs and expenses. *See* Exh. A at ¶ 15; A-2.

## IV.   CONCLUSION

Plaintiffs respectfully move the Court to enter an order awarding them reasonable and necessary attorneys' fees and expenses of $36,670.00.

Plaintiffs also seek all other relief to which they are justly entitled, as determined by this Honorable Court.

Respectfully submitted:

By:   */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas State Bar Number 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiffs

## CERTIFICATE OF CONFERENCE

I certify that pursuant to the local rules I conferred with counsel for Defendant on this motion. The motion is agreed and not opposed.

Defendant specifically notes that in light of the Parties' negotiated resolution regarding the amount of fees, Defendant does not oppose Plaintiffs' Motion for Fees as a general matter. Defendant, however, reserves any opposition to Plaintiffs' explanation and/or assertions regarding the reasonableness and/or necessity of hours in the event further action is required or necessary by the Court on the matter of fees.

By:    /s/ Chris R. Miltenberger
        Chris R. Miltenberger

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.

By:    /s/ Chris R. Miltenberger
        Chris R. Miltenberger